UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JERRY PUTZ, <br><br>        Plaintiff, <br>v. <br><br>WORLD SAVINGS, INC.; WACHOVIA MORTGAGE CORPORATION, WELLU FARGO BANK, N.A.; NDEX WEST, LLC; RECON TRUST COMPANY, N.A.; and DOES 1 through 50. inclusive, <br><br>        Defendants. | Case No.: 11-CV-5677-LHK <br><br>ORDER DENYING MOTION TO STAY PROCEEDINGS; ORDER RE MOTION TO ENFORCE SETTLEMENT AGREEMENT |

Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to stay proceedings. ECF No. 13. Plaintiff Jerry Putz ("Mr. Putz") has not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for determination without oral argument. Accordingly, the hearing on the motion set for May 3, 2012, is hereby VACATED. The case management conference remains as set, at 1:30 p.m. on May 3, 2012. Having considered Wells Fargo's motion and the relevant legal authorities, the Court DENIES Wells Fargo's motion for the reasons explained below.

"'A stay is not a matter of right, even if irreparable injury might otherwise result.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is

1

dependent upon the circumstances of the particular case." *Id.* (citation and internal quotation and alteration marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. *Id.* at 433-34. "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip[s] in his favor, and that a stay is in the public interest." *Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009); *see also Perry v. Schwarzenegger*, 702 F. Supp. 2d 1132, 1135 (N.D. Cal. 2010).

Wells Fargo argues that a stay is warranted pending Judge Jeremy D. Fogel's determination of whether Mr. Putz's claims in the above-captioned action are extinguished by the class action settlement in *In re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation*, Case No. 5:09-md-02015-JF (N.D. Cal. May 15, 2011) (the "Class Action"). Wells Fargo contends that resolution of this issue by Judge Fogel would resolve the instant action. Mot. 1.

Wells Fargo filed the instant motion to stay on January 17, 2012. ECF No. 13. On January 19, 2012, pursuant to Civil Local Rule 3-12(c), the undersigned judge referred the above-captioned case to Judge Fogel to determine whether it is related to the Class Action. ECF No. 17. On February 17, 2012, Judge Fogel issued an order determining that the two cases are not related. ECF No. 19. However, Judge Fogel invited Wells Fargo to file a motion to enforce the Class Action settlement, if it wished to pursue Wells Fargo's assertion that "Mr. Putz is a class member and thus is bound by the settlement entered in [the Class Action]." ECF No. 19. Wells Fargo claims that as of January 17, 2012. it has been "preparing a motion for a determination that [Mr. Putz's claims were released by the settlement." Mot. 1. Yet, as of April 27, 2012, Wells Fargo has not filed such a motion.

Wells Fargo cannot be likely to succeed on the merits of its motion to enforce the class action settlement against Mr. Putz until Wells Fargo actually files such a motion before Judge Fogel. Wells Fargo also argues that it will suffer harm if the undersigned judge adjudicates Mr. Putz's claims before Judge Fogel has the opportunity to determine whether Mr. Putz's claims were

2

Case No.: 11-CV-5677-LHK
ORDER DENYING MOTION TO STAY PROCEEDINGS; ORDER RE MOTION TO ENFORCE SETTLEMENT AGREEMENT

released by the class action settlement. However, this argument is also not persuasive unless and until Wells Fargo files its motion to enforce the class action settlement against Mr. Putz. In light of Wells Fargo's apparent lack of urgency in filing its motion to enforce the settlement against Mr. Putz, the Court finds that the balance of equities at this point tips in favor of proceeding with Mr. Putz's claims. Finally, the Court finds that a stay of this case would not be in the public interest given that further delay will postpone the resolution of Mr. Putz's claims and deny the prevailing party justice. Accordingly, the motion to stay is DENIED without prejudice.

As discussed above, the May 3, 2012 case management conference remains as set. By 5:00 p.m. on Tuesday, May 1, 2012, Wells Fargo shall file either (1) a notice informing this Court that Wells Fargo has filed a motion to enforce settlement before Judge Fogel, and the hearing date for such motion, or (2) a joint case management statement pursuant to the Civil Local Rules and this Court's standing orders.

**IT IS SO ORDERED.**

Dated: April 27, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

3
Case No.: 11-CV-5677-LHK
ORDER DENYING MOTION TO STAY PROCEEDINGS; ORDER RE MOTION TO ENFORCE SETTLEMENT AGREEMENT