Robert A. Bailey (# 214688)
rbailey@afrct.com
Grace B. Kang (# 229464)
gkang@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") (named herein as "World Savings, Inc.; Wachovia Mortgage Corporation; Wells Fargo Bank, N.A.")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

JERRY PUTZ,

Plaintiff,

vs.

WORLD SAVINGS, INC., WACHOVIA MORTGAGE CORPORATION, WELLS FARGO BANK, N.A.; NDeX WEST, LLC; RECON TRUST COMPANY, N.A.; and DOES 1 through 10, inclusive,

Defendants.

CASE NO.: 5:11-CV-05677-LHK

[The Honorable Lucy H. Koh]

**WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: September 20, 2012
Time: 1:30 p.m.
Ctrm: 8, 4th Floor

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 20, 2012, at 1:30 p.m. in Courtroom 8 of the above-captioned Court, the Honorable Lucy H. Koh presiding, defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB (erroneously sued as "Wachovia Mortgage Corporation") ("Wells Fargo") will move to dismiss the all Claims for Relief of the Complaint (the "Complaint").

/ / /

Grounds for the motion, brought pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), are:

**First Claim for Relief: Violations of the Truth in Lending Act.**

The First Claim for Relief fails because: (i) the claim is barred by res judicata; (ii) the claim is preempted by the Home Owners' Loan Act ("HOLA"); (iii) Plaintiff fails to state a claim and (iv) the claims is time-barred.

**Second Claim for Relief: Violation of Bus. & Prof. Code § 17200, *et seq*., "Unlawful" Business Practices (TILA).**

The Second Claim for Relief fails because: (i) the claim is barred by res judicata; (ii) the claim is preempted by HOLA; and (iii) Plaintiff fails to state a claim.

**Third Claim for Relief: Violation of Bus. & Prof. Code §17200, et seq., "Unlawful" Business Practices (TILA).**

The Third Claim for Relief fails because: (i) the claim is barred by res judicata; (ii) the claim is preempted by HOLA; (iii) Plaintiff fails to state a claim; (iv) Plaintiff has not pled fraud with particularity; (v) Plaintiff lack standing and (vi) the claim fails for lack of tender.

**Fourth Claim for Relief: Breach of Contract.**

The Fourth Claim for Relief fails because: (i) the claim is barred by res judicata; (ii) the claim is preempted by HOLA; and (iii) Plaintiff fails to state a claim.

**Fifth Claim for Relief: Breach of the Covenant of Good Faith and Fair Dealing.**

The Fifth Claim for Relief fails because: (i) the claim is barred by res judicata; (ii) the claim is preempted by HOLA; (iii) Plaintiff fails to state a claim; and (iv) the claim is time-barred.

**Sixth Claim for Relief: Violation of Bus. & Prof. Code §17200, et seq., "Unlawful" Business Practices (Fin. Code §22302).**

The Sixth Claim for Relief fails because: (i) the claim is barred by res judicata; (ii) the claim is preempted by HOLA; and (iii) Plaintiff fails to state a claim.

**Seventh Claim for Relief: Accounting.**

The Seventh Claim for Relief fails because: (i) the claim is barred by res judicata; (ii) the claim is preempted by HOLA; and (iii) Plaintiff fails to state a claim.

**Eighth Claim for Relief: Breach of Fiduciary Duty.**

The Eighth Claim for Relief fails because: (i) the claim is barred by res judicata; (ii) the claim is preempted by HOLA; and (iii) Plaintiff fails to state a claim.

**Ninth Claim for Relief: Quiet Title (erroneously named as Eighth Claim for Relief).**

The Ninth Claim for Relief fails because: (i) the claim is barred by res judicata; (ii) the claim is preempted by HOLA; (iii) Plaintiff fails to state a claim; (iv) the claim is time-barred; and (v) the claim fails for lack of tender.

**Tenth Claim for Relief: Injunctive Relief and to Cancel Trustee's Sale Scheduled for November 7, 2011 at 11:00 a.m..**

The Tenth Claim for Relief fails because: (i) the claim is not a cause of action; (ii) the claim is barred by res judicata; (iii) the claim is preempted by HOLA; (iv) the claims fails for lack of tender.

Respectfully submitted,

Dated: May 18, 2012

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: */s/ Grace B. Kang*
Grace B. Kang
gkang@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") (named herein as "World Savings, Inc.; Wachovia Mortgage Corporation; Wells Fargo Bank, N.A.")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ....1

1. INTRODUCTION. ....1

2. SUMMARY OF JUDICIALLY NOTICEABLE DOCUMENTS. ....1

3. AS A MEMBER OF A NATION-WIDE CLASS ACTION, PLAINTIFF'S CLAIMS HAVE BEEN FULLY RESOLVED AND MAY NOT BE RAISED AGAIN. ....2

4. PLAINTIFF'S CLAIMS ARE PREEMPTED BY THE HOME OWNERS' LOAN ACT. ....3
   - A. As A Federally-Chartered Savings Bank, World Savings Bank, FSB Operated Under HOLA. ....3
   - B. Regulations Promulgated By The OTS Preempt Any State Law That Affects The Operation Of A Federal Savings Association. ....4
   - C. State Laws Preempted By HOLA. ....5
   - D. HOLA Preempts Plaintiff's Claims. ....5

5. THE FIRST CLAIM FOR RELIEF (VIOLATION OF TILA) IS TIME-BARRED AND FAILS TO STATE A CLAIM FOR RESCISSION. ....6
   - A. Plaintiff Does Not State A Claim For Rescission Under TILA. ....6
   - B. The TILA Claim Is Time-Barred. ....7

6. THE SECOND CLAIM FOR RELIEF (VIOLATION OF BUS. & PROF. CODE § 17200, ET SEQ. – TILA) FAILS TO STATE A CLAIM. ....8
   - A. Plaintiff Fails To State A Claim Based On "Unlawful Acts." ....8

7. THE THIRD CLAIM FOR RELIEF (VIOLATION OF CAL. BUS. & PROF. CODE § 17200) DOES NOT STATE A CLAIM AND IS NOT PLED WITH PARTICULARITY. ....9
   - A. Plaintiff Cannot Establish An "Unfair" Act Or Practice Under The UCL. ....9
   - B. Plaintiff Has Not Pled Facts Establishing That Wells Fargo Engaged In "Fraudulent" Acts Or Practices. ....9
   - C. Plaintiff Lacks Standing Because He Suffered No Loss Of Money Or Property Resulting From A UCL Violation. ....10
   - D. Plaintiff Is Not Entitled To Rescission As A Remedy Under The UCL Because He Has Not Tendered His Indebtedness. ....11

8. THE FOURTH CLAIM FOR RELIEF (BREACH OF CONTRACT) FAILS. ....11
   - A. Plaintiff Has Failed To State A Claim For Breach Of Contract. ....11
     - i. Plaintiff Has Not Alleged His Own Performance Or Excuse For Nonperformance. ....12
     - ii. Plaintiff Has Not Alleged A Breach Of The Loan Agreements. ....12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

B. The Contract Claim Is Barred By The Statute Of Limitations. ....14

9. THE FIFTH CLAIM FOR RELIEF (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING) FAILS. ....14

A. Plaintiff Has Not Identified The Specific Contractual Provisions That Were Frustrated. ....15

B. Plaintiff Has Not Alleged His Own Performance Or Excuse For Nonperformance. ....15

C. The Claim Is Barred By The Statute Of Limitations. ....15

10. THE SIXTH CLAIM FOR RELIEF (VIOLATION OF BUS. & PROF. CODE § 17200, ET SEQ. – FIN. CODE § 22302) FAILS. ....16

A. Plaintiff Fails To "Tether" Any Unlawful Act With Any Statutory Violation. ....16

11. THE SEVENTH CLAIM FOR RELIEF (ACCOUNTING) FAILS BECAUSE HE CANNOT ESTABLISH A FIDUCIARY OR OTHER RELATIONSHIP. ....16

A. Plaintiff Has Not Alleged The Existence Of A Fiduciary Relationship Or Other Circumstance That Would Entitle Him To An Accounting. ....17

12. THE EIGHTH CLAIM FOR RELIEF (BREACH OF FIDUCIARY DUTY) FAILS TO STATE A BREACH OF FIDUCIARY DUTY CLAIM. ....17

13. THE NINTH CLAIM FOR RELIEF (QUIET TITLE) IS TIME-BARRED AND FAILS FOR LACK OF TENDER. ....19

A. Plaintiff's Quiet Title Claims Fail. ....19

B. Plaintiff Failed To Tender His Indebtedness. ....19

14. THE TENTH CLAIM FOR RELIEF (INJUNCTIVE RELIEF) IS NOT A CAUSE OF ACTION AND FAILS FOR LACK OF TENDER. ....20

15. CONCLUSION. ....21

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Arias v. Capital One, N.A.*,
2011 U.S. Dist. LEXIS 21936 (N.D. Cal. Mar. 4, 2011) ........ 8

*Avila v. Countrywide Home Loans, Inc.*,
2011 U.S. Dist. LEXIS 34071 (N.D. Cal. Mar. 29, 2011) ........ 8, 15

*Beach v. Ocwen Fed Bank*,
523 U.S. 410 (1998) ........ 7

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009) ........ 8

*Cell Therapeutics, Inc. v. Lash Group*, Inc.,
586 F.3d 1204, 1212 (2010) ........ 3

*DeLeon v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 62499 (N.D. Cal. June 9, 2010) ........ 5

*DeLeon v. Wells Fargo Bank, N.A.*,
2011 U.S. Dist. LEXIS 8296 (N.D. Cal. Jan. 28, 2011) ........ 11

*Delino v. Platinum Cmty. Bank*,
628 F. Supp. 2d 1226 (S.D. Cal. 2009) ........ 6

*Distor v. US Bank NA*,
2009 U.S. Dist. LEXIS 98361 (N.D. Cal. Oct. 22, 2009) ........ 8

*Dooms v. Fed. Home Loan Mortg. Corp.*,
2011 U.S. Dist. LEXIS 38550 (E.D. Cal. Mar. 30, 2011) ........ 15

*Durkin v. Shea & Gould*,
92 F.3d 1510 (9th Cir. 1996) ........ 2

*Ellingson v. Burlington North., Inc.*,
653 F.2d 1327 (9th Cir. 1981) ........ 12

*Glenn K. Jackson Inc. v. Roe*,
273 F.3d 1192 (9th Cir. 2001) ........ 9

*Guerrero v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ........ 5, 6

*Hubbard v. Fid. Fed. Bank*,
91 F.3d 75 (9th Cir. 1996) ........ 7

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ....................10

*Kelley v. Mortgage Electronic Registration*,
642 F. Supp. 2d 1048 (N.D. Cal. 2009) ....................20

*King v. State of California*,
784 F.2d 910 (9th Cir. 1986) ....................7

*Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*,
750 F.2d 731 (9th Cir. Cal. 1984) ....................2

*McDonald v. Coldwell Banker*,
543 F.3d 498 (9th Cir. 2008) ....................9

*Meyer v. Ameriquest Mortgage Co.*,
342 F.3d 899 (9th Cir. 2003) ....................7

*Migra v. Warren City School Dist. Bd. of Education*,
465 U.S. 75 (1984) ....................3

*Miguel v. Country Fund. Corp.*,
309 F. 3d 1161 (9th Cir. 2002) ....................7

*Neu v. Terminix Int'l, Inc.*,
2008 U.S. Dist. LEXIS 32844 (N.D. Cal. April 8, 2008) ....................10

*Perez v. Wells Fargo Bank, N.A.*,
2011 U.S. Dist. LEXIS 96706 (N.D. Cal. Aug. 29, 2011) ....................15

*Periguerra*,
2010 U.S. Dist. LEXIS 8082 at *10 ....................11

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
732 F. Supp. 2d 952 (N.D. Cal. 2010) ....................7

*Saldate v. Wilshire Credit Corp.*,
268 F.R.D. 87 (E.D. Cal. 2010) ....................17

*Sato v. Wachovia Mortg., FSB*,
2011 U.S. Dist. LEXIS 75418 (N.D. Cal. July 13, 2011) ....................6

*Silvas v. E*Trade Mortg. Corp.*,
514 F.3d 1001 (9th Cir. 2008) ....................4

*TBK Partners, Ltd. v. Western Union Corp.*,
675 F.2d 456 (2d Cir. 1982) ....................2

*Valerio v. Boise Cascade Corp.*,
80 F.R.D. 626 (N.D. Cal. 1978) ....................2

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Western Sys., Inc. v. Ulloa*,
958 F.2d 864 (9th Cir. 1992) ....................................................................................3

*Zarif v. Wells Fargo Bank, N.A.*,
2011 U.S. Dist. Lexis 29867 (S.D. Cal 2011)...............................................................6

*Zlotnik v. U.S. Bancorp, et al.*,
2009 U.S. Dist. LEXIS 119857 (N.D. Cal. Dec. 22, 2009) .............................................5

**STATE CASES**

*California Grocers Assn. v. Bank of America*,
22 Cal. App. 4th 205 (1994) ........................................................................................16

*Californians for Disability Rights v. Mervyn's, LLC*,
39 Cal. 4th 223 (2006) .................................................................................................10

*Careau & Co. v. Security Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) ......................................................................................11

*Cel-Tech Comm'ns, Inc., v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ...................................................................................................9

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (2010) ......................................................................................12

*Farmers Ins. Exch. v. Superior Court*,
2 Cal. 4th 377 (1992) ..............................................................................................8, 16

*FPCI Re-Hab 01 v. E & G Invs.*,
207 Cal. App. 3d 1018 (1989) ......................................................................................19

*Gaffney v. Downey Sav. & Loan*,
200 Cal. App. 3d 1154 (1988) ......................................................................................20

*Gavina v. Smith*,
25 Cal. 2d 501 (1944) ...................................................................................................19

*Gregory v. Albertson's, Inc.*,
104 Cal. App. 4th 845 (2002) .........................................................................................9

*Hall v. Time, Inc.*,
158 Cal. App. 4th 847 (2008) .......................................................................................10

*Hydro-Mill Co. v. Hayward, Tilton & Rolap Assoc., Inc.*,
115 Cal. App. 4th 1145 (2004) ......................................................................................18

*In re Tobacco II Cases*,
46 Cal. 4th 298 (2009) ..................................................................................................10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050 (2005) ....................8, 9, 16

*Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527 (2003) ....................16

*Karlsen v. American Savings & Loan Ass'n*, 15 Cal. App. 3d 112 (1971) ....................19, 20

*Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612 (1993) ....................8

*Kim v. Sumitomo Bank of Calif.*, 17 Cal. App. 4th 974 (1993) ....................18

*Kinney v. United Health Care Servs. Inc.*, 70 Cal. App. 4th 1322 (1999) ....................16

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) ....................8

*Lopez v. World Sav. & Loan Ass'n*, 105 Cal. App. 4th 729 (2003) ....................4

*Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235 (2009) ....................10

*Nguyen v. Calhoun*, 105 Cal. App. 4th 428 (2003) ....................20

*Nymark v. Heart Fed. Savings & Loan*, 231 Cal. App. 3d 1089 (1991) ....................18

*Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429 (2010) ....................17, 18

*Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465 ....................18

*San Pedro Lumber Co. v. Reynolds*, 111 Cal. 588 (1896) ....................17

*Secrest v. Security Nat'l Loan Trust*, 167 Cal. App. 4th 544 (2008) ....................14

*Sipe v. McKenna*, 88 Cal. App. 2d 1001 (1948) ....................19

*Software Design & Applications Ltd. v. Hoelter v. Arnett, Inc.*, 49 Cal. App. 4th 472 (1996) ....................18

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*St. James Church of Christ Holiness v. Superior Court*, 135 Cal. App. 2d 352 (1955) ....................17

*Villacres v. ABM Indus., Inc.*, 189 Cal. App. 4th 562 (2010) ....................3

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.* ....................3

12 U.S.C. § 1464(a) ....................4

15 U.S.C. § 1602(w) ....................6

15 U.S.C. § 1635(e) ....................6

15 U.S.C. § 1635(f) ....................7, 8

15 U.S.C. § 1640(e) ....................7

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17204 ....................10

Cal. Civ. Code § 1670.5 ....................16

Cal. Civ. Code § 1698 ....................14

Cal. Civ. Proc. Code § 338(d) ....................18

Cal. Civ. Proc. Code § 340 ....................16

Cal. Civ. Proc. Code § 761.020 ....................19

Cal. Fin. Code § 100.5 ....................16

Cal. Fin. Code § 22302 ....................16

**RULES**

Fed. R. Civ. P. 9(b) ....................10

**REGULATIONS**

12 C.F.R. § 545.2 ....................4

12 C.F.R. § 560.2 ....................4

12 C.F.R. § 560.2(a) ....................4

12 C.F.R. § 560.2(b) ....................4, 5

Case5:11-cv-05677-LHK Document25 Filed05/18/12 Page11 of 33

12 C.F.R. § 560.2(b)(4) .......... 5, 6

12 C.F.R. § 560.2(b)(10) .......... 5

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) .......... 4

**OTHER AUTHORITIES**

5 Witkin, *Cal. Proc.*, Pleading (5th ed. 2008) .......... 17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

93000/FR0058/00393510-1

viii

CASE NO.: 5:11-CV-05677-LHK
TABLE OF AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

This action arises out of a 2006 mortgage loan between borrower, Jerry Putz ("Plaintiff"), and his lender, Wells Fargo. Plaintiff's claims are time-barred, barred by res judicata, preempted by the Home Owners' Loan Act ("HOLA") and otherwise fail to state a claim for the reasons set forth below. Wells Fargo seeks an order dismissing the Complaint without leave to amend.

Plaintiff seeks relief for essentially the same claims recently resolved in a Class Action Settlement. Pursuant to this Court's order, Wells Fargo recently filed its Motion to Enforce the Settlement Agreement (the "Motion to Enforce") in the Class Action. Per Plaintiff's request, his opposition to the Motion to Enforce is currently due on May 21, 2012.

## 2. SUMMARY OF JUDICIALLY NOTICEABLE DOCUMENTS.

On December 28, 2006, Plaintiff borrowed $550,000 from Wachovia Mortgage, FSB secured by a deed of trust recorded against 3337 Jericho Lane, San Jose, California 95117 (the "Property"). A copy of the Note and Deed of Trust is attached to the Request for Judicial Notice ("RJN") as **Exhibits A and B**, respectively. Thereafter, Plaintiff refinanced his loan with Wells Fargo.

At the time, World Savings Bank, FSB, was a federal savings bank. A copy of its Certificate of Corporate Existence dated April 21, 2006, is attached to the RJN as **Exhibit C**. It was renamed Wachovia Mortgage, FSB on December 31, 2007. This name change is confirmed in a letter dated November 19, 2007, from the Office of Thrift Supervision ("OTS"). RJN, **Ex. D**. Effective November 1, 2009, Wachovia Mortgage, FSB was converted to a national bank with the name Wells Fargo Bank Southwest, N.A., and merged with and into Wells Fargo Bank, N.A. ("Wells Fargo"). RJN, **Ex. E**.

After Plaintiff defaulted on his loan, a Notice of Default was recorded on July 15, 2011. RJN, **Ex. F**, Notice of Default. Thereafter, on October 12, 2011, a Notice of Trustee's Sale was recorded. RJN, **Ex. G**, Notice of Sale.

Although Plaintiff's loan was originated over five years ago, he now claims to have been deceived. Complaint, ¶¶64-84. Plaintiff alleges that the loan documents failed to disclose the

interest rate (Complaint, ¶¶71-84) or negative amortization in violation of the Truth In Lending Laws. Complaint, ¶¶64-70. These same allegations were the basis for the Class Action lawsuit (the "Class Action"). The Class Action parties entered into a settlement agreement that discharged loan origination claims against Wells Fargo concerning its "Pick-A-Pay" loans.

**3. <u>AS A MEMBER OF A NATION-WIDE CLASS ACTION, PLAINTIFF'S CLAIMS HAVE BEEN FULLY RESOLVED AND MAY NOT BE RAISED AGAIN.</u>**

Plaintiff is a member of the Class Action which fully and finally resolved his challenges to the Loan origination. The Class Action Court certified the class to include all borrowers under "Pick-A-Payment" loans issued by World Savings Bank, FSB, between August 1, 2003 and December 31, 2008. (RJN, **Ex. H** at 5:25-27 (Order Granting Final Approval of Class Action Settlement). Plaintiff is included in the class and did not opt-out. (See, RJN, Ex. I (Opt Out List). The Class Action resulted in a dismissal of claims WITH PREJUDICE once the Court approved the Class Action Settlement. (RJN, **Ex. J** (Class Action Judgment)).

Res judicata prevents an individual whose claims were litigated to final judgment from being a member of a class action involving the same claims. *See Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 750 F.2d 731, 741 (9th Cir. Cal. 1984) ("The present class therefore comprises some members who were also members of the Crawford class and others who were not. The former are clearly bound by Crawford under the traditional application of res judicata; the latter are not.") A court approved class action settlement serves to bar future claims of class members because, "restricting the res judicata effect of class action settlements would lessen a defendant's incentive to settle." *Durkin v. Shea & Gould*, 92 F.3d 1510, 1518 (9th Cir. 1996) (quoting *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 649 (N.D. Cal. 1978); *see also TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982) ("in order to achieve a comprehensive settlement that would prevent relitigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.").

Res judicata bars any claims that were actually raised in the prior litigation as well as any that *could have* been raised. *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 77 (1984); *Cell Therapeutics, Inc. v. Lash Group*, Inc., 586 F.3d 1204, 1212 (2010); *Villacres v. ABM Indus., Inc.*, 189 Cal. App. 4th 562 (2010). Accordingly, it is inconsequential if the prior action asserted the same legal theories or causes of action. Res judicata applies as long as the prior action arose out of the same transaction or series of transactions as the origination action. *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992), *cert denied* 506 U.S. 1050 (1993).

As the Class Action Court noted, that action involved claims that Wachovia's Pick-A-Payment loans violated TILA and various state laws because the relevant loan documents allegedly "failed to make adequate disclosures regarding the certainty of negative amortization, the actual payment schedules, the interest rates on which these schedules were based, and the full terms of the parties legal obligations." (RJN, **Ex. H** at 2:10-14 (Order Granting Final Approval)). In short, the Class Action challenged the disclosures, origination and terms of the Pick-A-Payment loan, such as Plaintiff's.

These are the same claims asserted by Plaintiff here. He claims the bank violated TILA, unfair competition laws, breached his contract, breached the implied covenant, and engaged in fraudulent misrepresentations or omissions as to the terms of his Pick-A-Payment mortgage loan. His claims fall squarely within those adjudicated by the Class Action. The Court approved settlement and dismissal with prejudice in the Class Action binds Plaintiff and bars him from raising the same claims now.

### 4. PLAINTIFF'S CLAIMS ARE PREEMPTED BY THE HOME OWNERS' LOAN ACT.

#### A. As A Federally-Chartered Savings Bank, World Savings Bank, FSB Operated Under HOLA.

The originating lender, World Savings Bank, FSB, was a federal savings bank regulated by the OTS and organized and operated under the Home Owner's Loan Act ("HOLA"), 12 U.S.C. § 1461, et seq. See RJN, **Ex. C-E**.

/ / /

**B. <u>Regulations Promulgated By The OTS Preempt Any State Law That Affects The Operation Of A Federal Savings Association.</u>**

The OTS "occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2. OTS regulations issued pursuant to HOLA are "intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not OTS has adopted a regulation governing the precise subject of the state provision." *Lopez v. World Sav. & Loan Ass'n*, 105 Cal. App. 4th 729, 738 (2003); *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008) (HOLA regulations are "so pervasive as to leave no room for state regulatory control."); 12 C.F.R. § 545.2.

The preemption analysis under HOLA is simple, as the OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) instructs. Step one determines whether the type of state law at issue appears on the list set forth in 12 C.F.R. § 560.2(b), which lists the types of state laws that HOLA preempts. If that type of state law appears on the list, the analysis ends there and the law is preempted; there is no step two. The OTS' construction of its own regulation 560.2 "must be given controlling weight." *Silvas*, 514 F.3d at 1004-05. Any presumption against preemption of state law does not apply to HOLA, and any doubt should be resolved in favor of preemption. Id.

Pursuant to HOLA, the OTS was granted power, "under such regulations as [it] may prescribe – to provide for the organization, incorporation, examination, operation, and regulation of…Federal savings associations…" 12 U.S.C. § 1464(a). OTS regulations are "preemptive of any state law purporting to address the subject of the operations of a federal savings association." 12 C.F.R. § 545.2. The "OTS hereby occupies the entire field of lending regulation for federal savings associations…" and a federal savings bank, "may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities." 12 C.F.R. § 560.2(a). *Silvas*, 514 F.3d at 1004-05.

/ / /

/ / /

/ / /

**C. State Laws Preempted By HOLA.**

OTS regulations preempt state laws that would impose requirements on federal savings banks or their successors[1] regarding:

> (b)(4) The terms of credit…including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> (b)(9) Disclosure and advertising, including laws requiring specific statements, information, or other content…;
>
> (b)(10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages….

12 C.F.R. § 560.2(b) (emphasis added).

**D. HOLA Preempts Plaintiff's Claims.**

Two basic claims emerge from the Complaint, loan origination claims and the wrongful processing or application of payments to the loan. Both claims are preempted.

Plaintiff alleges that Wells Fargo "concealed and failed to disclose . . . the loan . . . guaranteed negative amortization . . . failed to disclose and omitted [this fact and] . . . failed [to] inform . . . Plaintiff, in a clear and conspicuous manner that the fixed 'teaser' rate offer by defendant was actually never applied to their loans . . . ." Complaint, ¶¶30, 33. Plaintiff also claims that "the payments were not credited to his account pursuant to the forbearance agreement and the Note and/or Contract." Complaint, ¶169.

Here, Plaintiff's claims are the subject matter of "processing," "servicing," "sale or purchase of, or investment or participation in, mortgages . . . ," and are preempted by HOLA. C.F.R. § 560.2(b)(10).

His loan origination and application of payment claims are also preempted by section

[1] HOLA applies to successors of federal savings banks. *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ("Where a national association, such as [Wells Fargo Bank, N.A.], acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA."); *DeLeon v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 62499, *6 (N.D. Cal. June 9, 2010); *Zlotnik v. U.S. Bancorp, et al.*, 2009 U.S. Dist. LEXIS 119857, *17-26 (N.D. Cal. Dec. 22, 2009).

560.2(b)(4), relating to "the circumstances under which a loan may be called due and payable." C.F.R. § 560.2(b)(4).

The *Zarif* Court held that such loan modification claims are preempted, stating:

> As currently pled, each of Plaintiffs' claims specifically challenge the processing of Plaintiffs' loan modification application and servicing of Plaintiffs' mortgage, and fall within the specific types of preempted state laws listed in § 560.2(b)(4) & (10). Accordingly, each of Plaintiffs' claims are preempted by HOLA . . . .

*Zarif v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. Lexis 29867, *8, 9 (S.D. Cal 2011).

In *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. Lexis 96261 *4-8 (C.D. Cal. 2010), plaintiffs alleged Wells Fargo told them the trustee's sale was cancelled and that plaintiffs should send more information for a modification application. Plaintiffs contended that they would have reinstated the loan before the reinstatement period expired had they been informed that the trustee's sale would proceed. *Id*.

The Court found these allegations preempted by HOLA because they attacked the bank's disclosures and processing/servicing of a mortgage. Id. , at *4-8; *see also Sato v. Wachovia Mortg., FSB*, 2011 U.S. Dist. LEXIS 75418, *20 (N.D. Cal. July 13, 2011) (dismissing claim alleging that lender failed to modify her loan; claim "clearly falls under the preemption provisions for 'processing, origination, sale or purchase of ... mortgages' and 'terms of credit.'").

Here, Plaintiff's claims fall squarely within HOLA. He cannot "plead around" the fact that Plaintiff's Complaint is based on matters preempted by HOLA. Accordingly, Wells Fargo requests that Plaintiff's claims be dismissed without leave to amend.

## 5. **THE FIRST CLAIM FOR RELIEF (VIOLATION OF TILA) IS TIME-BARRED AND FAILS TO STATE A CLAIM FOR RESCISSION.**

### A. **Plaintiff Does Not State A Claim For Rescission Under TILA.**

Under 15 U.S.C. section 1635(e), "residential mortgage transactions" are excluded from TILA's three-year right of rescission. A "residential mortgage transaction" is defined to include a "deed of trust . . . created . . . against the consumer's dwelling to finance the acquisition . . . of such dwelling." 15 U.S.C. § 1602(w); *Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226,

1234 (S.D. Cal. 2009). Thus, no claim for rescission can be stated where, as here, Plaintiff alleged that the loan was for the purchase of his home. Complaint, ¶2.

**B. <u>The TILA Claim Is Time-Barred.</u>**

Damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations, which runs from the time the loan transaction is consummated. 15 U.S.C. § 1640(e); *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986); *see also Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make required disclosures under TILA occurs when loan documents were signed). Here, because Plaintiff signed his Note and Deed of Trust on December 28, 2006, any damages claim is time-barred.

Leave to amend should be denied because Plaintiff cannot allege facts showing that the statute of limitations should be equitably tolled. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 964 (N.D. Cal. 2010). "[W]hen a plaintiff fails to allege facts demonstrating that he could not have discovered the alleged violations by exercising reasonable diligence, dismissal is appropriate." *Id*. (citing Meyer, 342 F.3d at 902-03) (no tolling because plaintiff was in full possession of all loan documents) and *Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (no tolling because "nothing prevented [plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements"). In this case, Plaintiff received a copy of the Note and Truth and Lending Disclosure form in December 2006. Complaint, ¶2, Exs. B-C. He also received the deed of trust in December 2006. RJN, Ex. B. Nothing prevented him from comparing the Note and Deed of Trust, disclosures, and TILA's requirements to discover the actual interest rate, negative amortization and other terms of the loan. Thus, equitable tolling cannot be applied here.

To the extent Plaintiff seeks rescission under TILA, the claim is also time-barred. Rescission claims expire "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f). Equitable tolling does not apply to TILA rescission claims because "[§]1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if required disclosure were never made. *Beach v. Ocwen Fed Bank*, 523 U.S. 410, 412-13, 419 (1998); *Miguel v. Country Fund. Corp.*,

309 F. 3d 1161, 1164 (9th Cir. 2002) ("§1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a §1635 claim is brought outside the three year limitation period").

**6. THE SECOND CLAIM FOR RELIEF (VIOLATION OF BUS. & PROF. CODE § 17200, ET SEQ. – TILA) FAILS TO STATE A CLAIM.**

Plaintiff alleges that "Defendants' unlawful business acts . . . have violated numerous laws . . . [and] are therefore *per se* violations of §17200, *et seq*. . . . includ[ing] Defendants [sic] failure to comply with the disclosure requirements mandated by TILA . . . ." Complaint, ¶90.

California's Unfair Competition Law ("UCL") requires a plaintiff to allege particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). "Each prong of the UCL is a separate and distinct theory of liability." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009).

**A. Plaintiff Fails To State A Claim Based On "Unlawful Acts."**

"[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations…as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992) (quotations and citations omitted). If a claim cannot be stated under the "borrowed" law, a UCL claim cannot be stated either. *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).

Plaintiff cannot rely on a TILA violation because such claim is barred by the one-year statute of limitations or the three-year statute of repose. Any UCL claim based on a TILA violation is also barred. *Arias v. Capital One, N.A.*, 2011 U.S. Dist. LEXIS 21936, 20-21 (N.D. Cal. Mar. 4, 2011) ("[s]ince the TILA claims are time-barred, plaintiffs' UCL claim [predicated on TILA violations] is likewise not viable"); *see Avila v. Countrywide Home Loans, Inc.*, 2011 U.S. Dist. LEXIS 34071, 16-17 (N.D. Cal. Mar. 29, 2011); *Distor v. US Bank NA*, 2009 U.S. Dist. LEXIS 98361, 21-22 (N.D. Cal. Oct. 22, 2009). Accordingly, this claim for relief should be dismissed without leave to amend.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**7. THE THIRD CLAIM FOR RELIEF (VIOLATION OF CAL. BUS. & PROF. CODE § 17200) DOES NOT STATE A CLAIM AND IS NOT PLED WITH PARTICULARITY.**

Here, Plaintiff alleges only "unlawful" and "fraudulent" acts, claiming "Defendants lured Plaintiff into the Option ARM loan with promises of low fixed interest . . . . [and] switch the interest rate charged on the loans to a much higher rate than the one they promised." Complaint, ¶102.

**A. Plaintiff Cannot Establish An "Unfair" Act Or Practice Under The UCL.**

An unfair business practice is "one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008); *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001). The California Supreme Court has cautioned against an overly broad interpretation of "unfair" in the context of the UCL: "Vague references to 'public policy,' for example, provide little real guidance." *Cel-Tech Comm'ns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 185 (1999). Thus, where a claim of an unfair act or practice is predicated on public policy, California law "require[s] that the public policy which is predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions." *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002) (emphasis added); *Ingels*, 129 Cal. App. 4th at 1060 ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law.")

As described above, Plaintiff has not alleged (and cannot allege) any violation of TILA. Accordingly, this statute cannot be the basis of an "unfair" practices claim.

**B. Plaintiff Has Not Pled Facts Establishing That Wells Fargo Engaged In "Fraudulent" Acts Or Practices.**

Plaintiff predicates his UCL claim on the same statements and non-disclosures alleged in support of their common law fraud claim, i.e., that "Defendants engaged in a pattern of deceptive conduct and concealment . . . [and] sold Plaintiff a deceptively devised financial product . . .

/ / /

promis[ing] that the loan would be a very low, fixed interest rate for a period of three (3) to five (5) years and no negative amortization." Complaint, ¶101.

"The fraudulent business practice prong of the UCL has been understood to be distinct from common law fraud." *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). Conduct is considered "fraudulent" under the UCL if the conduct is "likely to deceive." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254 (2009). Though "fraudulent" has a different meaning under the UCL than in the case of common law fraud, a complaint alleging "fraudulent conduct" still must meet the particularity requirements of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Neu v. Terminix Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32844, *13-14 (N.D. Cal. April 8, 2008).

Here, Plaintiff has not alleged the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Silicon Knights*, 1997 U.S. Dist. LEXIS 17890 at *36. Accordingly, Plaintiff's UCL claim based on "fraudulent" acts or practices fails for lack of specificity.

### C. <u>Plaintiff Lacks Standing Because He Suffered No Loss Of Money Or Property Resulting From A UCL Violation.</u>

A plaintiff has standing under the UCL only if he (1) has "suffered injury in fact" and (2) "has lost money or property as a result of" the unfair competition he challenges. Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 227 (2006). "The phrase 'as a result' in its plain and ordinary sense means 'caused by' and requires a showing of causal connection or reliance on the alleged [unfair competition]." *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 855 (2008). Therefore, "[a] plaintiff must plead and prove actual reliance to satisfy the standing requirement of [Business & Professions Code] section 17204 . . . ." *In re Tobacco II Cases*, 46 Cal.4th at 327-29.

Here, Plaintiff's claim that he "lost money or property as a result of Defendants' unfair competition" (Complaint, ¶117) is not an "injury in fact." Plaintiff cannot establish any monetary loss because he borrowed more than half a million dollars and has not paid it back. Plaintiff also cannot plead a "loss of property" since no trustee's sale has taken place. In any

event, a foreclosure sale would be the "result[] of" plaintiffs' failure to make payments under their loan agreement—not the result of any of the alleged violations of the UCL. *See DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296, *20-21 (N.D. Cal. Jan. 28, 2011) (lender's alleged misrepresentation did not "result[] in a loss of money or property" for purposes of determining UCL standing; "[r]ather, the facts alleged suggest that plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default.") Accordingly, in the absence of any injury in fact, Plaintiff lacks standing to bring a UCL claim.

**D. Plaintiff Is Not Entitled To Rescission As A Remedy Under The UCL Because He Has Not Tendered His Indebtedness.**

As explained above, Plaintiff seeks "rescission" of the Deed of Trust, potentially in connection with their claim under the UCL. (Complaint, Prayer, ¶6). Because he has not alleged his willingness or ability to tender the full amount due and owing to Wells Fargo, however, he has failed to state a claim for relief. *Periguerra*, 2010 U.S. Dist. LEXIS 8082 at *10-11.

**8. THE FOURTH CLAIM FOR RELIEF (BREACH OF CONTRACT) FAILS.**

The breach of contract claim appears to be predicated on an agreement that consists of (1) the Note, (2) the Truth In Lending Disclosure Statement ("TILDS"), and (3) promises made by Wells Fargo "through [its] conduct and actions." Complaint, ¶¶2, 30, 120, 121, 123. Plaintiff seems to be alleging that Wells Fargo promised that, if Plaintiff paid the amounts described in the payment schedule in the TILDS, such payments would always be sufficient to pay both principal and interest. Complaint, ¶¶123, 124. He alleges that Wells Fargo breached this promise by failing to apply his payments to interest or principal. Complaint, ¶¶125, 126.

**A. Plaintiff Has Failed To State A Claim For Breach Of Contract.**

The elements of breach of contract: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990).

**i. Plaintiff Has Not Alleged His Own Performance Or Excuse For Nonperformance.**

A claim for breach of contract requires a plaintiff to allege his own performance or excuse for non-performance. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1369-1370 (2010). Here, Plaintiff alleges that "he did all of those things the contract required of him." Complaint, ¶ 127. However, the Court need not accept this allegation as true because Plaintiff admits he was in default as evidenced by the Notice of Trustee's Sale. Complaint, ¶194 and Ex. D. *See Ellingson v. Burlington North., Inc.*, 653 F.2d 1327, 1329 (9th Cir. 1981). Given these contradictory allegations, Plaintiff has not alleged his own performance or excuse from performance.

**ii. Plaintiff Has Not Alleged A Breach Of The Loan Agreements.**

Plaintiff's breach of contract claim relies on non-existent or unenforceable promises. As explained below, neither the note nor deed of trust contain a promise that the payments in the amounts described on the TILDS would be sufficient to pay principal and interest, and any ancillary oral or written "promises" are barred as a matter of law.

The note and deed of trust together form the loan agreement. Complaint, ¶2 (plaintiff "entered into an Option ARM loan agreement with Defendant WORLD"). Plaintiff attached the note and deed of trust to his Complaint as Exhibits B and C.

The note, on its face, incorporates the terms of the deed of trust. On the first page, in capital letters, the note states: "THIS NOTE IS SECURED BY A SECURITY INSTRUMENT OF THE SAME DATE." Complaint, Ex. B, p. 1. That "Security Instrument" is the deed of trust. In the note, plaintiff agreed:

> In addition to the protection given to the lender under this Note, the Security Instrument dated the same date as this Note give the Lender security against which it may proceed if I do not keep the promises which I made in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this note . . . .

Complaint, Ex. B, § 11.

/ / /

In the deed of trust, Plaintiff agreed that he was conveying the Property to the trustee to "protect Lender from possible losses that might result if I fail to: (i) pay all amounts owed to Lender under the Note . . . " and "(iii) keep all of my promises and agreements under this Security Instrument, [and] the [note] . . . ." Complaint, Ex. C, § II.

The TILDS is mentioned nowhere in the note or deed of trust, and these instruments nowhere state that payments made in accordance with the TILDS would be sufficient to meet interest, principal, or both.

To the contrary, the note repeatedly warned Plaintiff that he was entering into an adjustable rate loan, as indicated by the document's title: "ADJUSTABLE RATE MORTGAGE NOTE." The note describes the repayment and interest terms in great detail. In Section 2, the note states that interest will be charged "at the yearly rate of 5.546%" (§ 2(A)), but is subject to change starting on June 15, 2005 and on the fifteenth of every month thereafter (§ 2(B)), with a lifetime maximum interest rate of 11.950%. § 2(C). The change in interest would be calculated based on a published index rate, plus 3.550%. § 2(D).

Plaintiff acknowledged in the note that he selected the "**initial** monthly payment" amount from a "range of initial payment amounts." Complaint, Ex. C, § 3(B) (emphasis added). That "initial" amount of payment is the same as the first twelve payments outlined in the TILDS schedule. Compare, *id*., § 3(E). In the note, plaintiff acknowledged that "My initial monthly payment amount . . . ***may not be sufficient to pay the entire amount of interest is due. . . . .***" Complaint, Ex. C, § 3(E)(emphasis added).

Plaintiff's assertion that Wells Fargo violated the agreement by "secretly" reducing Plaintiff's equity and by failing to apply payments to principal also is contradicted by the express terms of the note and deed of trust. Complaint, ¶¶119-130.

In Section 3(E) of the note, Plaintiff acknowledged that, "[f]rom time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due," and that "if this occurs, ***the amount of interest that is not paid each month***, called "Deferred Interest," ***will be added to my Principal*** and will accrue interest at the same rate as the Principal." Complaint, Ex. C, § 3(E)(emphasis added).

In Section 3(F) of the Note, Plaintiff acknowledged that his Principal Balance might reach 125% of the amount he originally borrowed, and that his payment could increase. And the deed of trust describes the order in which payments would be applied to plaintiff's obligations: (1) to prepayment charges; (2) to advances due to the lender; (3) to pay interest; (4) to pay deferred interest; (5) to pay principal; and (6) to pay late charges. Complaint, Ex. C, § 3(F).

Thus, the express terms of the note and deed of trust defeat Plaintiff's assertion that Wells Fargo promised a payment schedule that, if adhered to, would always cover principal and interest.

Plaintiff's attempt to rely on purported promises outside the four corners of the note and deed of trust is unavailing.

First, the TILDS makes clear on its face that it **not** the loan agreement, and the terms and conditions of the loan are located elsewhere. It directs the borrower to the contract documents for additional information. Second, the parties agreed that the agreement could not be modified or amended except "by an agreement in writing signed by Borrower and Lender." Complaint, Ex. B, § 23. Thus, neither the TILDS (which was not signed by Wells Fargo) nor any conduct could modify the terms of the note and deed of trust. Finally, the non-written promises asserted by Plaintiff—which would radically change the payment and interest terms of the loan—would alter Wells Fargo's ability to exercise a right to foreclose. Such promises are barred by the statute of frauds. *Secrest v. Security Nat'l Loan Trust*, 167 Cal. App. 4th 544, 553 (2008); Civ. Code § 1698.

Since Plaintiff has not alleged the breach of any enforceable promises, the claim fails.

**B. <u>The Contract Claim Is Barred By The Statute Of Limitations.</u>**

<u>Statute of Limitations</u>. Plaintiff alleges that Wells Fargo began collecting incorrect amounts and misapplying payments "immediately" after the loan closed in 2006. Complaint, ¶125. Thus, the claim is barred by the four year statute of limitations. C.C. P. § 337(1).

## 9. THE FIFTH CLAIM FOR RELIEF (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING) FAILS.

Plaintiff alleges that the note and TILDS "expressly and impliedly" agreed that (1) the

loan would have a low payment and interest rate for three to five years; and (2) that if Plaintiff made the payments in the amounts described in the TILDS, negative amortization would not occur. Complaint, ¶¶133, 134. A claim for breach of the implied covenant "requires that a contract exists between the parties, that the plaintiff performed his contractual duties or was excused from nonperformance, that the defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting, and that the plaintiff's damages resulted from the defendant's actions." *Avila v. Countrywide Home Loans, Inc.*, 2011 U.S. Dist. LEXIS 34071, *11-12 (N.D. Cal. Mar. 29, 2011).

**A. <u>Plaintiff Has Not Identified The Specific Contractual Provisions That Were Frustrated.</u>**

A plaintiff asserting breach of the implied covenant must show that the defendant's conduct "demonstrates a failure or refusal to discharge contractual responsibilities, prompted . . . by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.'" *Dooms v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 38550, 20-24 (E.D. Cal. Mar. 30, 2011) (citation omitted). To state a claim, "a plaintiff must identify the specific contractual provision that was frustrated." *Perez v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 96706, *51 (N.D. Cal. Aug. 29, 2011). Here, Plaintiff has not identified the specific loan term that was frustrated, and accordingly, has failed to state a claim.

**B. <u>Plaintiff Has Not Alleged His Own Performance Or Excuse For Nonperformance.</u>**

As provided above, Plaintiff has admitted his default as provided in the Notice of Trustee's Sale (Complaint, ¶194 and Ex. D), and therefore, has not alleged his own performance or excuse from performance.

**C. <u>The Claim Is Barred By The Statute Of Limitations.</u>**

Statute of Limitations. Plaintiff alleges that Wells Fargo began collecting incorrect amounts and misapplying payments "immediately" after the loan closed in 2005. Complaint, ¶125. Thus, the claim is barred by the four year statute of limitations.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## 10. THE SIXTH CLAIM FOR RELIEF (VIOLATION OF BUS. & PROF. CODE § 17200, ET SEQ. – FIN. CODE § 22302) FAILS.

### A. Plaintiff Fails To "Tether" Any Unlawful Act With Any Statutory Violation.

Plaintiff's UCL claim of "unlawful business practices" (Complaint, ¶148-161) includes violations of Financial Code § 22302 and Civil Code § 1670.5. As detailed above, "if a claim cannot be stated under the "borrowed" law, a UCL claim cannot be stated either." *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005); see also *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992).

Here, Plaintiff fails to "tether" their "unfair business" claim to any actionable statutory violation as follows:

- Financial Code § 22302: Any claim based on Financial Code § 22302 is time-barred under C.C.P. § 340. Moreover, any UCL claim based on Financial Code § 22302 fails as the Home Owner's Loan Act preempts such claim. *See* Financial Code § 100.5 ("To the extent that any provision of this division is preempted by federal law, the provision does not apply and shall not be enforced");
- Civil Code § 1670.5: Any UCL claim based on this statute fails as unconscionability is not a claim for affirmative relief. Instead, it is a defense to contract enforcement. *Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1539 (2003); *California Grocers Assn. v. Bank of America*, 22 Cal. App. 4th 205, 213 (1994) (unconscionability operates as a defense to enforcement of a contract of adhesion). Further, this claim fails as there is no allegation the loan imposes harsh or oppressive terms. *Kinney v. United Health Care Servs. Inc.*, 70 Cal. App. 4th 1322 (1999).

In short, this claim for relief lacks an actionable "unlawful" business practice and should be dismissed without leave to amend.

## 11. THE SEVENTH CLAIM FOR RELIEF (ACCOUNTING) FAILS BECAUSE HE CANNOT ESTABLISH A FIDUCIARY OR OTHER RELATIONSHIP.

Plaintiff alleges that "payments were not credited to his account pursuant to the

forbearance agreement and the Note and/or Contract." Complaint, ¶169. To state a claim for an accounting, a plaintiff must plead: (1) the existence of a fiduciary relation or other circumstance that would entitle him to an accounting, and (2) a balance due from defendant to plaintiff that can only be ascertained by an accounting. 5 Witkin, *Cal. Proc*., Pleading, § 820, pp. 236, 237 (5th ed. 2008); *San Pedro Lumber Co. v. Reynolds*, 111 Cal. 588, 595 (1896).

**A. <u>Plaintiff Has Not Alleged The Existence Of A Fiduciary Relationship Or Other Circumstance That Would Entitle Him To An Accounting.</u>**

A loan transaction ordinarily does not give rise to a fiduciary or confidential relationship. *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010) ("absent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender."); *Saldate v. Wilshire Credit Corp*., 268 F.R.D. 87 (E.D. Cal. 2010). The loan at issue was an unremarkable home loan. No joint venture was created, and Plaintiff alleges no facts suggesting something other than an arm's length relationship. Plaintiff has not alleged the existence of a fiduciary duty on Wells Fargo's part. Plaintiff's vague references to a "forbearance agreement," "Note and/or Contract" fails to establish a fiduciary relationship. Moreover, Plaintiff fails to attach the alleged forbearance agreement.

Nor has Plaintiff alleged any other circumstance entitling him to an accounting. A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. *St. James Church of Christ Holiness v. Superior Court*, 135 Cal. App. 2d 352, 359 (1955). Here, an accounting is unnecessary because judicially noticeable documents establish that Wells Fargo's interest in the note and deed of trust. RJN, Exs. A, B.

**12. <u>THE EIGHTH CLAIM FOR RELIEF (BREACH OF FIDUCIARY DUTY) FAILS TO STATE A BREACH OF FIDUCIARY DUTY CLAIM.</u>**

Plaintiff claims a "fiduciary relationship of great trust" between himself and Wells Fargo, claiming that Defendants "acted for and were the processors of property for the benefit of Plaintiff." Complaint, ¶175.

<u>Wells Fargo Did Not Owe Plaintiff A Fiduciary Duty.</u>

This claim for relief fails as a matter of law because Wells Fargo did not owe Plaintiff a

fiduciary duty. A financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. *Nymark v. Heart Fed. Savings & Loan*, 231 Cal. App. 3d 1089, 1096 (1991) ) ("a lender has no duty to disclose its knowledge that the borrower's intended use of the loan proceeds represents an unsafe investment.") In *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476-478, the Court held that "A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such' the same principle should apply with even greater clarity to the relationship between a bank and its loan customers." Hence, a lender owes no fiduciary duty to a borrower. *See also Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429, 436 (2010) ("A commercial lender pursues its own economic interests in lending money"); *Software Design & Applications Ltd. v. Hoelter v. Arnett, Inc.*, 49 Cal. App.4th 472, 479 (1996); *Kim v. Sumitomo Bank of Calif.*, 17 Cal. App. 4th 974, 979-981 (1993).

Here, Wells Fargo acted within the traditional role as a lender of money. See RJN, Exs. A, B. (no joint venture or similar agreement). Therefore, Wells Fargo owed no fiduciary duty to him and cannot be liable for breach of fiduciary duty.

<u>The Breach Of Fiduciary Duty Claim Is Time-Barred.</u>

"[T]he applicable statute of limitations is determined by -- as variously phrased -- the nature of the right sued upon, the primary interest . . . affected by the defendant's wrongful conduct, or the gravamen of the action." *Hydro-Mill Co. v. Hayward, Tilton & Rolap Assoc., Inc.*, 115 Cal. App. 4th 1145, 1158-59 (2004). Here, the breach of fiduciary duty claim is based on allegations of concealment and misrepresentation (see Complaint, ¶¶174-180), so the statute of limitations would be three years. *See* Code of Civ. P. § 338(d). Plaintiff became aware of any inaccurate statements regarding the terms of the loan when she signed the note and deed of trust in December 2006. *See* Complaint, Ex. B (deed of trust disclosing prominently on its first page that the loan bore a variable interest rate); RJN, Ex. A at 1-2 (note repeatedly disclosing fact and terms of adjustable rate on first two pages); Section 5.B, *supra*. Therefore, the breach of fiduciary duty claim is time-barred.

## 13. THE NINTH CLAIM FOR RELIEF (QUIET TITLE) IS TIME-BARRED AND FAILS FOR LACK OF TENDER.

### A. Plaintiff's Quiet Title Claims Fail.

While very short on factual details, the quiet title claim is premised on Plaintiff's assertion that the loan "was satisfied in full through a refinance of the property." Complaint, ¶188. No further elaboration is provided to support plaintiff's request to quiet title in the Property.

To state a quiet title claim, a plaintiff must allege by verified complaint: (1) a description of the property; (2) the title of plaintiff as to which a determination is sought and the basis of the title; (3) the adverse claims to the title of plaintiff; (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of plaintiff against the adverse claims. Code Civ. Proc. § 761.020. Plaintiff's cause of action fails to include sufficient allegations to plead each of these requisite elements.

### B. Plaintiff Failed To Tender His Indebtedness.

The quiet title claim appears to be based on the same allegations as the other causes of action, i.e., that the loan obligation was void because of nondisclosures, misleading disclosures of loan terms and that the loan was satisfied through a refinance of the property. Complaint, ¶¶187-188.

It is well-established California law that in order to quiet title or set aside a foreclosure sale, the debtor must make a valid and viable tender of the indebtedness. *Karlsen v. American Savings & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971) (equity would not set aside trustee's sale under deed of trust in favor of former owner because no tender was made nor ability to pay the indebtedness shown); *FPCI Re-Hab 01 v. E & G Invs*., 207 Cal. App. 3d 1018, 1021 (1989) (upholding trustee's sale because junior lienor did not tender senior indebtedness); *Gavina v. Smith*, 25 Cal. 2d 501, 505-506 (1944) (quiet title denied where the party had not fulfilled its contractual obligations); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of

limitations has run against the indebtedness"); *Kelley v. Mortgage Electronic Registration*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title.").

"[I]t is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney v. Downey Sav. & Loan*, 200 Cal. App. 3d 1154, 1165 (1988). "The rules which govern tenders are strict and strictly applied." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 445-446 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Id.*, 105 Cal. App. 4th at 439. "[I]f the offeror 'is without the money necessary to make the offer good and knows it . . .' the tender is without legal force or effect." *Karlsen*, 15 Cal. App. 3d at 118.

Here, Plaintiff has not tendered his outstanding indebtedness, so the identified claims below (in addition to any other claim for which Plaintiff seeks the same equitable remedy) cannot stand. Plaintiff's claim that the loan "was satisfied in full" is inadequate. Complaint, ¶188. Plaintiff's own allegations and exhibits show that he was in default and that a Notice of Trustee's Sale was recorded. Complaint, ¶194 and Ex. D. Assuming Plaintiff meant to tender payment, his claim still falls short of an "unambiguous tender of the entire amount due." *Gaffney*, 200 Cal. App. 3d at 1165. Plaintiff fails to allege that tender of the entire amount due was made, when it was made and fails to identify to which Defendant he tendered payment.

Accordingly, Plaintiff's quiet title claim cannot stand.

## 14. THE TENTH CLAIM FOR RELIEF (INJUNCTIVE RELIEF) IS NOT A CAUSE OF ACTION AND FAILS FOR LACK OF TENDER.

Injunctive relief is a remedy, not a cause of action. *See County of Del Norte v. City of Crescent City*, 71 Cal. App. 4th 965, 973 (1999). The debtor must make a valid and viable tender of the indebtedness to in order to quiet title or set aside a foreclosure sale. *Karlsen*, 15 Cal. App. 3d at 117. Plaintiff is "required to allege tender of the amount of [the] secured

indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal. App 4th 1101, 1109 (1996).

To the extent Plaintiff seeks an injunction or temporary restraining order based on Wells Fargo's right of title or validity of the sale, Plaintiff has not properly pled injunctive relief. Injunctive relief is not a cause of action and Plaintiff failed to tender the full amount of his indebtedness. Accordingly, the motion to dismiss should be granted without leave to amend.

**15. CONCLUSION.**

Based on the foregoing, Wells Fargo respectfully requests that the motion to dismiss be granted without leave to amend.

Respectfully submitted,

Dated: May 18, 2012

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: */s/ Grace B. Kang*
Grace B. Kang
gkang@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") (named herein as "World Savings, Inc.; Wachovia Mortgage Corporation; Wells Fargo Bank, N.A.")

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

***Served Electronically Via the Court's CM/ECF System***

| ***Counsel for Plaintiff:*** | ***Counsel for NDeX West, LLC:*** |
|---|---|
| Anita L. Steburg<br>Steburg Law Firm<br>1798 Technology Drive, Suite 258<br>San Jose, CA 95110<br>*Tel: 408.573.1122; Fax: 408.573.1126* | Edward A. Treder, Esq.<br>edwardt@bdfgroup.com<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>20955 Pathfinder Road, Suite 300<br>Diamond Bar, CA 91765<br>*Tel: 626.915.5714; Fax: 909.595.7640* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on May 18, 2012.

| Mark Betti | /s/ Mark Betti |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP